UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-cv-61382-JIC

**RAFI LEVY,** individually

    Plaintiff,

v.

**BANKUNITED, N.A.** a national association

    Defendant.

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, RAFI LEVY, by and through the undersigned counsel, hereby requests this Court enter an Order Enforcing the Settlement Agreement between the parties, and in support thereof states as follows:

1. On June 22, 2013, Plaintiff, RAFI LEVY, filed a Complaint against Defendant, BANK UNITED, N.A. alleging a violation of the Fair Credit Reporting Act [DE 1].

2. On July 26, 2013, the undersigned sent counsel for the Defendant a settlement demand which demanded the payment of costs, damages and attorney's fees along with "Deletion of the subject tradeline from the credit bureaus". A copy of the settlement demand is attached hereto as Exhibit "A" and is incorporated herein by reference.

3. On November 20, 2013 at 6:31pm, counsel for the Defendant, Marcela Lozano, Esquire and the undersigned had a telephone conversation in which Ms. Lozano stated that she was in receipt of the July 26, 2013 demand that was transmitted by e-mail, that she had the opportunity to review it and had discussed it with her client and that it was

        acceptable provided that the bank was making a counter-offer of $2,500 toward the monetary portion of the settlement.

4. On November 22, 2013, the undersigned and Marcela Lozano, Esquire, engaged in further negotiations regarding the monetary portion of the settlement demand, and by the end of the day on November 22, 2013, the parties reached a settlement of $ 3,300.00 in monetary damages and stated "We have a deal". A copy of this e-mail is attached hereto as Exhibit "B" and is incorporated herein by reference.

5. Shortly after the settlement, the undersigned sent a draft settlement agreement to counsel for the Defendant along with a W-9 in compliance with defense counsel's request.

6. The settlement agreement accurately incorporated the agreed upon terms of the settlement, specifically, both the monetary portion of the settlement as well as the portion in which the Defendant agreed to delete the credit reporting tradeline belonging to the Plaintiff from Plaintiff's credit report.

7. On December 18, 2013 and December 20, 2013, counsel for the Plaintiff informed the undersigned by telephone that the Defendant refuses to execute the proposed settlement agreement because Defendant now, for the first time, objects to the portion of the settlement in which the Defendant is required to delete the tradeline being reported by the Defendant on the Plaintiff's credit report.

## MEMORANDUM OF LAW

    Florida Courts have unanimously held that oral and written settlement agreements are enforceable. *See Bankers Sec. Ins. Co. v. Brady*, 765 So.2d 870, 872-73 (Fla. 5th DCA 2000), which held that a settlement agreement between the parties' representatives with settlement

authority was binding.  *See also* <u>Long Term Mgmt., Inc. v. University Nursing Care Ctr., Inc.</u>, 704 So.2d 669, 673 (Fla. 1st DCA 1997).

Settlement agreements arrived at during litigation are interpreted and governed by contract law. See <u>Robbie v. City of Miami</u>, 469 So.2d 1384 (Fla. 1985)*;* <u>Woodfield Plaza, Ltd. v. Stiles Constr. Co.</u>, 687 So.2d 856, 857 (Fla. 4th DCA 1997); and <u>Dorson v. Dorson</u>, 393 So.2d 632 (Fla. 4th DCA 1981). Preliminary negotiations or tentative and incomplete agreements do not establish a sufficient meeting of the minds to create an enforceable settlement agreement. To be judicially enforceable, a settlement "must be sufficiently specific and mutually agreeable as to every essential element." <u>Grimsley v. Inverrary Resort Hotel, Ltd.</u>, 748 So.2d 299, 301 (Fla. 4th DCA 2000) (quoting <u>Williams v. Ingram</u>, 605 So.2d 890, 893 (Fla. 1st DCA 1992).  In the instant case, there was certainly a "meeting of the minds" when the parties agreed on the final sum of $3,300 in monetary damages.  Furthermore, all of the essential elements of the settlement were included, specifically, the sum of money to be paid by the Defendant to the Plaintiff in full resolution of the parties' claims and the agreement by the Defendant to delete the tradeline which was reporting on the Plaintiff's credit report.  The Defendant never objected to the deletion of the tradeline portion of the settlement at any time prior to the final acceptance and settlement between the parties.

Although the law favors settlement agreements and their enforcement whenever possible, the evidence must clearly demonstrate that there was mutual agreement to the material settlement terms. See <u>Robbie</u>, 469 So.2d at 1385; <u>Carroll v. Carroll</u>, 532 So.2d 1109 (Fla. 4th DCA 1988). "The making of a contract depends not on the agreement of two minds in one intention but on the agreement of two sets of external signs." <u>Robbie</u>, 469 So.2d at 1385. A trial court's finding of a meeting of the minds must be supported by competent substantial evidence. *See* <u>Roggio-Wilgus</u>

3

*v. Marlin,* 699 So.2d 1050 (Fla. 4th DCA 1997). The burden is on the "party seeking judgment on the basis of compromise and settlement" to establish assent by the opposing party. *Nehleber v. Anzalone,* 345 So.2d 822 (Fla. 4th DCA 1977). In the instant matter, the evidence will clearly show that the parties had reached a definitive agreement, the reliance of the undersigned on that agreement in the preparation of a written settlement agreement, the transmission of such agreement to Ms. Lozano, Ms. Lozano's acknowledgment that an Agreement had been reached, and the fact that Ms. Lozano had communicated both components of the settlement to her client.

Generally, the acceptance of an offer which results in a contract must be absolute and unconditional, identical with the terms of the offer, and in the mode, at the place, and within the time expressly or impliedly stated within the offer. Thus, '[an] acceptance must contain an assent to the same matters contained in the offer.' *Lickert v. Pike,* 736 So. 2d 724 (Fla. 2d DCA 1999) (citing *Mintzberg v. Golestaneh*, 390 So. 2d 759 (Fla. 3d DCA 1980)). *See Also Blunt v. Tripp Scott, P.A.,* 962 So. 2d 987, 988 (Fla. Dist. Ct. App. 4th Dist. 2007) citing to *Spiegel v. H. Allen Holmes*, 834 So. 2d 295 (Fla. Dist. Ct. App. 4th Dist. 2002). Here, the essential terms in the written settlement agreement mirrored exactly the terms that were reached during the written and verbal discussions and agreements that occurred prior to and which concluded on November 22, 2013.

The law provides that in certain circumstances, an attorney can bind a client to a settlement agreement. Since Ms. Lozano discussed the terms of the agreement with her client prior to accepting the terms of the agreement, the client is deemed to be involved in the settlement discussions and the Defendant cannot argue that Ms. Lozano did not have authority to enter into this settlement. The Fourth District Court of Appeals has summarized the rules of law

4

applicable to an attorney's authority to bind a client to a final settlement agreement. *Albert v. Hoffman Electric Constr. Co.*, 438 So. 2d 1015 (4th DCA 1983).

(1) A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party. *Goff v. Indian Lake Estates, Inc.*, 178 So. 2d 910 (Fla. 2d DCA 1965).

(2) The mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action. *Palm Beach Royal Hotel, Inc. v. Breese*, 154 So.2d 698 (Fla. 2d DCA 1963).

(3) An exception to the general rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interest and consultation with the client is impossible. *Bursten v. Green*, 172 So.2d 472 (Fla. 2d DCA 1965).

(4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. *Bursten v. Green, supra*.

(5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. *Palm Beach Royal Hotel, Inc. v. Breese, supra; State Department of Transportation v. Plunske*, 267 So.2d 337 (Fla. 4th DCA 1972).

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter an Order enforcing the agreed upon settlement terms, or in the alternative, to require Defendant and Defendant's counsel, Marcela Lozano, Esquire to present themselves in front of this honorable Court to explain why the Defendant refuses to execute the written Settlement Agreement after having agreed to it orally and in writing and/or allow Plaintiff to conduct discovery with Defendant and Defendant's counsel to further inquire as to the circumstances surrounding Defendant's breach of the settlement agreement, and for attorney's fees incurred by the Plaintiff in being required to bring this motion, and for such other relief that the Court deems reasonable.

DATED:  December 20, 2013.

              Respectfully Submitted,

              MILITZOK & LEVY, P.A.
              *Attorneys for Plaintiff*
              The Yankee Clipper Law Center
              3230 Stirling Road, Suite 1
              Hollywood, Florida 33021
              (954) 727-8570 - Telephone
              (954) 241-6857 – Facsimile
              mjm@mllawfl.com

              By: /s/ Matthew J. Militzok
              MATTHEW J. MILITZOK, ESQ.
              Fla. Bar No.: 0153842

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 20, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing..

Service List:

Marcela Lozano, Esq.
Shutts & Bowen LLP
1500 Miami Center
Miami, FL  33131
mlozano@shutts.com

By: /s/ Matthew J. Militzok
MATTHEW J. MILITZOK, ESQ.